IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>MARVIN SONIAT,<br><br>　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE<br><br>Case No. 2:16-CR-390 DB<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on Defendant's Emergency Motion for Compassionate Release. Defendant seeks release to home confinement under the First Step Act and the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").

　　　　"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[1]  18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under certain circumstances. Relevant here,

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

---

[1] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

Here, there is no evidence that Defendant has exhausted his administrative rights or requested home confinement from the warden. In response to Defendant's Motion, the Bureau of Prisons has confirmed that, at least as of April 20, 2020, Defendant had not submitted a request for sentence reduction for administrative review or a request for home confinement.[2] Defendant has not disputed this representation. Therefore, the Court is without authority to grant Defendant's request for compassionate release under the First Step Act.

Further, the Court does not have the authority under the CARES Act to order the Bureau of Prisons to release Defendant to home confinement. "While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."[3]

It is therefore

OREDERED that Defendant's Emergency Motion for Compassionate Release (Docket No. 29) is DENIED WITHOUT PREJUDICE.

DATED this 27th day of May, 2020.

BY THE COURT:

Ted Stewart
United States District Judge

---

[2] Docket No. 30-2, at 10.

[3] *United States v. Read-Forbes*, ---F.3d---, 2020 WL 1888856, at *5 (D. Kan. Apr. 16, 2020).