IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>v.<br><br>MARVIN SONIAT,<br><br>                 Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE<br><br><br>Case No. 2:16-CR-390 DB<br><br>District Judge Ted Stewart |

      This matter is before the Court on Defendant's Emergency Motion for Compassionate Release. Defendant originally filed his Motion pro se. The Court denied the Motion without prejudice based on Defendant's failure to exhaust his administrative rights or request home confinement from the warden. After the Court issued its decision, Defendant, now represented by counsel, filed a reply stating that Defendant had made a request to the warden on April 1, 2020. Having considered Defendant's reply, the Court will again deny Defendant's Motion without prejudice.

      18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under certain circumstances. Relevant here,

> the court . . . upon motion of the defendant . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

1

The Sentencing Commission has been given the responsibility to describe "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."[1]  Relevant here, the Sentencing Commission has stated that a defendant "suffering from a serious physical or medical condition" "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" may be considered for a sentence reduction.[2]

Here, Defendant has a history of asthma and has a potential heart condition that has yet to be fully diagnosed.  Defendant contends that these conditions, in conjunction with the current COVID-19 pandemic, warrant a sentence reduction.  The Centers for Disease Control and Prevention has stated that people with moderate to severe asthma and people with serious heart conditions have a higher risk for severe illness from COVID-19.  Unfortunately, the medical records provided by the parties do not provide sufficient information for the Court to determine the severity of Defendant's medical conditions.  While Defendant has reported a history of asthma, he does not appear to have sought treatment for this condition while in custody.  Further, as stated, Defendant's heart condition has yet to be fully diagnosed.  Without additional information, the Court cannot conclude that Defendant is more susceptible to contracting COVID-19 or suffering a more serious reaction.  While the Court is sympathetic to Defendant's concerns, he has not demonstrated extraordinary and compelling reasons for his release to home confinement.

---

[1] 28 U.S.C. § 944(t).

[2] U.S.S.G. § 1B1.13, Application Note 1(A).

It is therefore

ORDERED that Defendant's Emergency Motion for Compassionate Release (Docket No. 29) is DENIED WITHOUT PREJUDICE.

DATED this 29th day of June, 2020.

BY THE COURT:

Ted Stewart
United States District Judge