IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>MARVIN SONIAT,<br><br>　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REOPEN HIS MOTION FOR REDUCTION IN SENTENCE<br><br>Case No. 2:16-CR-390 TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on Defendant's Motion to Reopen his Motion for Reduction in Sentence. For the reasons discussed below, the Court will deny the Motion.

　　　　Defendant originally filed his Motion seeking a sentence reduction pro se. The Court denied the Motion without prejudice based on Defendant's failure to exhaust his administrative rights or request home confinement from the warden. After the Court issued its decision, Defendant, through counsel, filed a reply stating that Defendant had made a request to the warden on April 1, 2020. After considering Defendant's reply, the Court again denied Defendant's Motion without prejudice. Defendant now seeks to reopen his Motion and has provided additional evidence in support of his request. Having considered this new evidence, the Motion will be denied.

　　　　"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[1]  18 U.S.C. §

---

[1] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (citations omitted).

1

3582(c)(1)(A) allows the Court to modify a term of imprisonment under certain circumstances. Specifically,

> the court . . . upon motion of the defendant . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission has been given the responsibility to describe "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."[2] Relevant here, the Sentencing Commission has stated that a defendant "suffering from a serious physical or medical condition" "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" may be considered for a sentence reduction.[3]

Here, Defendant has a history of asthma and a potential heart condition. He also suffers from hypertension and is pre-diabetic. Defendant's medical records confirm his conditions. Defendant contends that these conditions, in conjunction with the current COVID-19 pandemic, warrant a sentence reduction. The Centers for Disease Control and Prevention has stated that people with certain heart conditions and those who have Type 2 diabetes are at a higher risk for severe illness from COVID-19. Individuals with moderate to severe asthma and those with hypertension may be at a higher risk.

---

[2] 28 U.S.C. § 944(t).

[3] U.S.S.G. § 1B1.13, Application Note 1(A).

Defendant's medical records indicate that Defendant tested positive for COVID-19 in May 2020.  Defendant suffered mild symptoms and has now recovered.  Thus, while in theory Defendant's conditions could make him more susceptible to serious illness from COVID-19, the reality is that he experienced only mild illness.  While Defendant raises concerns of reinfection, there are currently no confirmed cases of COVID-19 among inmates and only three confirmed cases among staff at FCI Lompoc, where Defendant is housed.  Thus, Defendant's risk of reinfection appears low.  Therefore, Defendant has failed to demonstrate extraordinary and compelling circumstances to justify a sentence reduction.

It is therefore

ORDERED that Defendant's Motion to Reopen his Motion for Reduction in Sentence (Docket No. 37) is DENIED.

DATED this 2nd day of February, 2021.

BY THE COURT:

Ted Stewart
United States District Judge